LOBRANO, Judge.
This case arises out of an abandonment proceeding brought by the State of Louisiana, Department of Health and Human Resources pursuant to LSA R.S. 9:403-407 to adjudicate the status of five minor children, including T.T., born May 14, 1974 and Na.T., born March 3, 1976, relative to their mother D.T. and their non-legal father, G.T.[1]
With the exception of Na.T., the children were originally placed in the custody of the Department of Health and Human Resources on August 16, 1975. They were adjudicated neglected children by the Juvenile Court for the Parish of Orleans on *98 November 11, 1975, and have remained in the custody of the State since that time.
Na.T. was removed from her mother’s custody on August 30, 1976 and has remained in the custody of the State since that time.
The petition for a decree of abandonment was filed on April 30, 1983 and the obtaining of same would obviate the necessity of the parent’s consent to adoption of the children by others. The hearing of the abandonment petition was held on July 26, 1983.
The juvenile court found that the mother, D.T., had abandoned all five of the children and therefore terminated her parental rights. The court further found that J.R., the alleged non-legal father of the three eldest had abandoned his children and therefore terminated his parental rights. However, as to G.T., the non-legal father of T.T. and Na.T., the court found that he had not abandoned his children and did not terminate his parental rights.
From this judgment, as it relates to.G.T., the State has appealed. Neither the mother, D.T., nor J.R. have appealed the judgment against them and said judgment, as it relates to them, is final.
The State asserts one assignment of error:
“... that the trial court erred in not finding that the State proved by clear and convincing evidence under LSA R.S. 9:403(A)(l)(b) that G.T. failed to provide for the care and support of his two children under circumstances showing an intent to avoid parental responsibility.”
However, we find it unnecessary to address this assignment. La.R.S. 9:404 provides:
“A surrender by the mother of a child born out of wedlock who has not been formally acknowledged or legitimated by the father terminates all parental rights except those pertaining to property. The same shall be true as to a court order of abandonment. However, no surrender or court order of abandonment as to only one living parent of a legitimate child shall be binding upon the other living parent.”
Despite equal protection and due process arguments to the contrary, this statute has been held to be constitutional. Collins v. Division of Foster Care, Inc., 377 So.2d 1266 (La.App. 4th Cir.1979). See also, Golz v. Children’s Bureau of New Orleans, Inc., 326 So.2d 865 (La.1976). Since the record contains no evidence indicating that G.T. ever formally acknowledged or legitimated his two children, the lower court’s decree of abandonment as to D.T. necessarily terminates the parental rights as to G.T. La.R.S. 9:404, supra.
The judgment of the trial court, as it pertains to G.T. is hereby reversed, and accordingly the children T.T. and Na.T. are declared abandoned by G.T. and all parental rights, except those as to property, are terminated.
REVERSED.

. At the request of all parties involved in this matter and because same involves juveniles this Court will use initials in its opinion.